IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERESA ANNIS,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

No. 1:16-cv-02272-HZ

OPINION & ORDER

Tim Wilborn
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137

    Attorney for Plaintiff

1 - OPINION & ORDER

Billy Williams
United States Attorney
Renata Gowie
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Michael Howard
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Teresa Annis brings this action for judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). The issue before the Court is whether the Administrative Law Judge ("ALJ") provided clear and convincing reasons for discounting the uncontradicted opinion of Plaintiff's examining physician, Foy White-Chu, MD. If the ALJ's decision was in error, then the Court must also determine whether remand for further administrative proceedings or an immediate award of benefits is appropriate. Because the ALJ improperly discredited Dr. White-Chu's testimony that, when credited as true, would require awarding benefits, the Court reverses the Commissioner's final decision and remands this case for an immediate award of benefits.

## BACKGROUND

      This case has an extraordinarily lengthy history. Plaintiff filed her applications for DIB and Supplemental Security Income ("SSI") benefits on December 9, 2004. Tr. 73–75; 577–78. Plaintiff's applications were denied at the initial and reconsideration levels. Plaintiff's first administrative hearing was held before ALJ John J. Madden, Jr. on July 12, 2007. Tr. 1186. ALJ

Madden issued a decision on August 22, 2007, finding Plaintiff not disabled. Tr. 18–30. The Appeals Counsel declined to grant review of the ALJ's decision. Tr. 9–11. Plaintiff then filed a civil action in the United Stated District Court for the District of Oregon on October 15, 2009. Upon the parties' stipulated motion for remand, United Stated District Court Judge Malcom Marsh remanded the case for further administrative proceedings. Tr. 668–71.

On September 8, 2010, upon first remand, ALJ Madden issued a second decision once again finding Plaintiff not disabled. Tr. 648–65. The Appeals Council declined to accept review of Plaintiff's case. Tr. 641–46. Plaintiff then filed her second civil action in the District of Oregon. Judge Marsh affirmed the ALJ's decision and Plaintiff appealed to the Ninth Circuit. Tr. 918. The Ninth Circuit remanded the case for further proceedings and directed the district court to instruct the ALJ to reconsider Dr. White-Chu's testimony. Tr. 921–921A.

On June 14, 2016, upon second remand, ALJ John Michaelsen issued a decision finding Plaintiff disabled as of her fifty-fifth birthday on November 28, 2011. Tr. 890. That decision made Plaintiff eligible for SSI benefits but not SSDI benefits because her insured status for DIB expired on December 31, 2010. Tr. 889–890. The Appeals Council denied review, rendering ALJ Michaelsen's decision final. Tr. 860–77. Plaintiff now seeks judicial review of that decision.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

At the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 885.

At step two, the ALJ determined that Plaintiff had the following severe impairments: "right upper extremity weakness, status post right breast cancer; tendinitis in her non-dominant right wrists; status post open reduction internal fixation in 2002; fibromyalgia; and a personality disorder with dependent features[.]" *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id.*

Before step four, the ALJ formulated the following RFC for Plaintiff.

> [Plaintiff] has the [RFC] to perform light work . . . except she required the option to sit or stand as needed throughout the day. She could occasionally push and pull with the right upper extremity. She would need to avoid forceful twisting with both hands. She could tolerate no more than occasional interaction with the public.

Tr. 885–86.

At step four, the ALJ determined that Plaintiff has been unable to perform past relevant work as a dental assistant. Tr. 888.

At step five, the ALJ determined that on November 28, 2011, Plaintiff's age category changed to an individual of advanced age. *Id.* Accordingly, the ALJ found that Plaintiff was disabled as of November 28, 2011. Tr. 888–90. The ALJ also concluded that prior to November 28, 2011, given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in the national economy in significant numbers that Plaintiff could have performed. Those jobs included: mail sorter, price marker, and laundry folder. Tr. 889. Therefore, the ALJ concluded that Plaintiff as not disabled before November 28, 2011. Tr. 889–90.

STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a

whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Courts consider the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

The issue before the Court is whether the ALJ provided clear and convincing reasons supported by substantial evidence for discounting the uncontradicted medical opinion of Dr. White-Chu. It is well-established in Social Security law that an ALJ must provide "clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician[.]" *Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010) (quoting *Lester v. Chater*, 81 F.3d 821, 830–831 (9th Cir. 1995)). "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons" supported by substantial evidence in the record. *Id.* (quoting *Lester*, 81 F.3d at 830–31). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

I.     Dr. White-Chu's Medical Opinion

On February 26, 2005, Dr. White-Chu evaluated Plaintiff, noting her history of breast cancer, stomach trouble, and back and arm pain. Tr. 303. Regarding Plaintiff's back and arm pain, Dr. White-Chu noted:

> The claimant says she has had this for years. She said if she sits or stands for too long she will have numbness in her hands and arms along with tingling, and they will begin to ache. She has had multiple MRIs, bone scans, etc for her cancer. There was no diagnosis to her knowledge. She has no surgery for this and no hospitalizations for this. She has had physical therapy three times a week, and it did not help. Her pain medi[c]ations do not keep the edge off. She denies any lower extremity weakness.

Tr. 303–04. Dr. White-Chu made the following general findings based on her physical examination of Plaintiff: "There are paravertebral muscle spasms, there is tenderness along her cervical and lumbar spine. There is crepitance in her neck with range of motion, but there are no effusions, deformities, or trigger points." Tr. 304. Dr. White-Chu provided the following "Functional Assessment/Medical Source Statement":

> I would expect this claimant to be able to stand and/or walk for six hours during an eight-hour day. She may need rest every half hour for about five minutes given the possible degenerative joint disease in her back and neck. She can sit without restrictions but would also benefit from standing up every half hour for about 5-10 minutes to stretch out her neck and back. No assistive devices are necessary at this time.

Tr. 307.

After Plaintiff filed her original complaint in the District of Oregon, the parties stipulated that the case be remanded for further proceedings. Tr. 668. Part of the court's remand order instructed the ALJ to "reevaluate the medical evidence, including the opinion[] of Dr. White-Chu[.]" *Id.* On first remand, the prior ALJ concluded that Plaintiff had the RFC to perform light work "except she should have the opportunity to sit or stand." Tr. 658. The prior ALJ wrote that

"[t]his [RFC] is based largely upon the assessment by evaluating Dr. White-Chu because of his opinion being consistent with the full record[.]" *Id.*

The Ninth Circuit found that the prior ALJ improperly disregarded Dr. White-Chu's medical opinion. The Ninth Circuit's remand order stated:

> The ALJ improperly disregarded the uncontradicted opinion of Annis' examining physician without providing "clear and convincing reasons." Dr. White-Chu determined that Annis could "stand and/or walk for six hours during an eight-hour day," but "[s]he may need *rest* every half hour for about five minutes given the possible degenerative joint disease in her back and neck." (Emphasis added.) He also said she "can sit without restrictions but would also benefit from standing up every half hour for about 5-10 minutes to stretch out her neck and back." Without providing an explanation, the ALJ narrowed Dr. White-Chu's recommended limitations in his residual functional capacity assessment and in his hypothetical question to vocational expert, asking whether jobs existed in the economy that had a "sit/stand option" and that allowed the worker "to change position *not at will or not frequently*." (Emphasis added.) Because the ALJ based his finding that Annis could perform other work in the national economy on the vocational expert's answer to this incomplete hypothetical, his determination of not disability at step five was based on a legal error. We therefore direct the district court to remand this case with instructions for the ALJ to reconsider the improperly rejected testimony of Dr. White-Chu, to recontact the doctor to clarify any ambiguity in his recommendations, and then to reconsider Annis' residual functional capacity and ability to perform work at steps four and five.

Tr. 921–921A (internal citations omitted).

Upon second remand, the ALJ found that Plaintiff had the RFC to perform light work "except she required the option to sit or stand as needed throughout the day." Tr. 885. The ALJ explained his treatment of Dr. White-Chu's opinion:

> At the most recent hearing in this matter, the undersigned amended the hypothetical used in the previous [RFC] finding to allow for an option to sit or stand as needed throughout the workday to mitigate pain or discomfort. In so doing, however, the undersigned acknowledges the dubious substantive basis for Dr. White-Chu's

> recommendation for position changes every 30 minutes. The previous administrative law judge decision found no evidence of an orthopedic impairment and noted that clinical findings pertaining to the claimant's musculoskeletal and neurological functioning were "overwhelmingly normal[.]"
>
> Medical imaging of the claimant's cervical, thoracic, and lumbar spine was unremarkable. Such findings appear to undermine Dr. White-Chu's conclusion that such rest periods were even medically necessary.
>
> Except for this relatively small alteration of the previous administrative law judge's [RFC], the remaining findings and rational . . . are adopted herein and incorporated by reference.

Tr. 886–87.

The Court finds that the ALJ did not provide clear and convincing reasons for discounting the uncontradicted medical opinion of Dr. White-Chu. The ALJ here also disregarded the Ninth Circuit's instruction to recontact Dr. White-Chu "to clarify any ambiguity in his recommendations." Tr. 921A. Instead, the ALJ adopted the prior ALJ's reasoning for discounting Dr. Gilmour's opinion and applied that reasoning to discredit Dr. White-Chu. Contrary to the ALJ's assertion that Dr. White-Chu's opinion lacks support in the record, the prior ALJ based his RFC findings on the that opinion because it was consistent with the full record. Tr. 658. For example, X-rays of Plaintiff's cervical and thoracic spine taken on August 4, 2005, show partial fusion of C4-5 and mild degenerative changes. Tr. 461. On the same day, Dr. David Ryland conducted a physical exam on Plaintiff and noted that she had a decreased range of motion in her cervical spine. Tr. 455. Similarly, on March 3, 2006, Dr. David Gilmour noted that an MRI showed an old mild compression fracture on her mid-thoracic spine. Tr. 496. Dr. Gilmour opined that because of Plaintiff's "multiple severe medical problems" she is "unable to work or do any significant activity for more than 15–20 minutes at a time several times a day." Tr. 595.

More importantly, the ALJ did not account for Dr. White-Chu's recommendation that Plaintiff might need to rest every half hour for five minutes. Tr. 307. The Ninth Circuit emphasized this finding in its remand order and concluded that the prior ALJ's RFC determination inexplicably narrowed Dr. White-Chu's findings. The ambiguity regarding what Dr. White-Chu meant when he concluded that Plaintiff would need to stretch and move, versus or in addition to needing rest every thirty minutes has not been clarified by the ALJ. The VE testified at the hearing that there would be no jobs in the national economy for a person needing to consistently rest five minutes out of every one half-hour during the regular working day. Tr. 1243–44. It was, therefore, an error for the ALJ to disregard Dr. White-Chu's recommendation absent clear and convincing reasons.

## II.   Remand

Because the Court concludes the ALJ's decision contained harmful legal errors and was not supported by substantial evidence in the record, the remaining question is whether this case should be remanded for further administrative proceedings or an immediate award of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1177–78 (9th Cir. 2000). The Ninth Circuit applies the "credit-as-true" rule for determining whether remand for an immediate award of benefits is proper. *Garrison*, 759 F.3d at 1020. Each of the following must be satisfied to justify an immediate award of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* Even if those requirements have been met, the district court retains the flexibility to remand the case for further proceedings, particularly where the record as a whole creates serious doubts that the claimant is disabled. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014).

As to the first factor, the Court finds that the record is fully developed and further administrative proceedings would serve no useful purpose. This case has been remanded to an ALJ twice with the specific instructions to reconsider Dr. White-Chu's opinion and resolve any ambiguities in it. A third remand with the same instructions would serve no purpose. As to the second factor, for the reasons discussed above, the Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence in the record to disregard the uncontradicted opinion of Dr. White-Chu. Lastly, as to the third factor, Dr. White-Chu's opinion, when credited-as-true, would require the ALJ to find Plaintiff disabled within the meaning of the Act as evidenced by the VE's testimony.

Furthermore, a third remand for additional administrative proceedings would allow "the Commissioner to decide the issue again and create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2012) (citing *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)). "Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to 'tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.'" *Id.* at 595 (quoting *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d. 1396, 1398 (9th Cir. 1998)). Because Plaintiff is already of an advanced age and has now experienced a thirteen-year delay in her application, any further remand of this case would unfairly delay effectuating the purpose of the Act and cause Plaintiff financial hardship.

CONCLUSION

For these reasons, the Commissioner's decision is reversed and remanded for an immediate award of benefits.

IT IS SO ORDERED.

Dated this 9 day of March, 2018.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge